IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEP USA,<br><br>    Plaintiff,<br><br>v.<br><br>WOODLAND PALLETS, CORP.,<br><br>    Defendant. | Case No.: 5:23–cv–1347 FMO (SPx) |

## CONSENT JUDGMENT

UPON CONSIDERATION of the Settlement Agreement entered into between the Parties, Plaintiff CHEP USA ("CHEP"), and Defendant Woodland Pallets, Corp. (the "Defendant"), it is this 17 day of June 2024, STIPULATED by the Parties and ORDERED THAT:

1. CHEP is the sole and exclusive owner of the wooden pallets painted blue and/or marked with "Property of CHEP" (hereafter defined as "CHEP Pallets"). A description of the CHEP Pallets is attached as **Exhibit 1**.

2. CHEP has not licensed or leased the CHEP Pallets to Defendant for use in the Defendant's business or for any other purpose.

3. CHEP is entitled to recover all CHEP Pallets from Defendant with the retrieval schedule and ongoing recovery terms agreed to by the Parties separately in the Settlement Agreement of this litigation. A copy of the Settlement Agreement is attached as **Exhibit 2**. Defendant shall provide unimpeded access to the CHEP Pallets for retrieval and shall provide commercially reasonable cooperation to CHEP during retrieval of the CHEP Pallets.

4. Defendant and its officers, directors, owners, and employees, are hereby enjoined from any intentionally or knowingly future purchase, sale, use, destruction, dismantling, or

otherwise treatment or use of CHEP Pallets inconsistent with CHEP's ownership rights, the Settlement Agreement, and/or this Consent Judgment. This shall not prevent Defendant from participating in CHEP'S Asset Recovery Program or non-ARP pallet returns.

5. Defendant agrees that CHEP may conduct a walk-through inspection of Defendant's San Bernardino and Bloomington Facilities to monitor compliance with the Settlement Agreement and determine the presence and number of CHEP Pallets at Defendant's San Bernardino and Bloomington Facilities (described in the Settlement Agreement) (and any future facility that may replace it). Defendant shall allow CHEP reasonable access without any required advance notice to the Defendant's San Bernardino and Bloomington Facilities (or any future facility that may replace it), including any warehouses, storage areas, trailers, and/or any location where CHEP pallets may be stored, during the Defendant's normal business hours. If CHEP pallets are discovered during any such inspection, which CHEP pallets had not been previously disclosed, Defendant shall identify the source of those CHEP pallets. CHEP will not use this inspection right to intimidate or harass Defendant. CHEP will be limited to one inspection per calendar month of each of Defendant's facilities.

6. To the extent Defendant possesses such documentation and/or knowledge, Defendant agrees to produce copies of all invoices (or other equivalent documentation) (collectively, "Invoices") pursuant to which the Defendant purchased, received, or otherwise came into possession, sold, and/or transferred CHEP Pallets in accordance with the terms of the Settlement Agreement. To the extent not apparent on the face of the Invoices, Defendant shall also identify the name(s) and address(es) of all individuals and/or entities that sold, transferred, otherwise made available, purchased, transferred and/or received CHEP Pallets to or from Defendant. Defendant shall also specifically identify the location(s) where it acquired or delivered

/ transferred CHEP Pallets regardless of whether Defendant has any Invoices.

7. Defendant shall notify CHEP if it intends to relocate the Defendant's San Bernardino and Bloomington Facilities (as the terms are defined in the Settlement Agreement).

8. This Consent Judgment shall bind all successors and assigns of the Parties.

9. Upon the Entry of this Consent Judgment, this Civil Action is hereby dismissed against the Defendant upon stipulated terms. However, this Civil Action may be reopened at any time against the Defendant to enforce the Settlement Agreement and/or this Consent Judgment through the entry of an order to show cause, judgment, or for other appropriate relief.

10. Each Party shall bear its own attorneys' fees and costs incurred in this Civil Action. Any future award of attorneys' fees and costs shall be awarded pursuant to the Settlement Agreement.

11. This Court retains jurisdiction over this matter with respect to Defendant for the purposes of administration and enforcement of this Consent Judgment and the Parties' Settlement Agreement.

**CONSENTED TO BY**:

**WOODLAND PALLETS, CORP.**

Jun 14, 2024

By: _Hector Mora_____
Name: Hector Mora
Title: CEO

**CHEP USA**

By: _/s/ Mario Birsa_____
Name: Mario Birsa
Title: National Mgr. Asset Protection & Security

**IT IS SO ORDERED.**

**Dated:  June 24, 2024**

_____/s/_____
HON. FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE